Biniam T. AMARE, also known as Biniam Tesfaye Amare, also known as Biniam Amare, Petitioner,

v.

Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.

No. 12–60554
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 29, 2013.

Biniam T. Amare, Round Rock, TX, pro se.

Linda Y. Cheng, Trial Attorney, Tangerlia Cox, Edward C. Durant, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Biniam T. Amare, a native and citizen of Ethiopia, has petitioned for review of the

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of the Immigration Judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), in which he asserted that he feared persecution based on political opinion and membership in a particular social group, the Oromo tribe. The BIA's decision was based primarily on its affirmance of the IJ's finding that Amare's testimony was not credible. We review the BIA's decision and consider the IJ's decision only to the extent that it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir.2009). The agency's findings of fact are conclusive unless a reasonable adjudicator would be compelled to reach a contrary conclusion. *Orellana–Monson v. Holder*, 685 F.3d 511, 518 (5th Cir.2012).

To qualify for asylum, Amare bore the burden of proving that he is a refugee, that is, that he has been persecuted or has a well founded fear of persecution. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i). He had to prove that his membership in the Oromo tribe or his political opinions were or will be at least one central reason for the alleged or feared persecution. § 1158(b)(1)(B)(i). To prove his eligibility for withholding of removal, Amare had to prove that it is more likely than not that his life or freedom will be threatened because of his membership in the Oromo tribe or because of his political opinions. § 1231(b)(3)(A). For relief under the CAT, Amare was required to prove that it is more likely than not that he will be tortured if he is removed to Ethiopia. *Tamara–Gomez v. Gonzales*, 447 F.3d 343, 350 (5th Cir.2006). "The Convention Against Torture requires 'a public official' or 'person acting in a public capacity' to

the limited circumstances set forth in 5TH CIR

'inflict,' 'acquiesce,' or 'give consent' to the torture." *Id.* at 351.

Amare was required to establish in the agency proceedings that his testimony was credible, persuasive, and sufficiently specific. *See Wang v. Holder*, 569 F.3d 531, 537 (5th Cir.2009) (citing 8 U.S.C. § 1158(b)(1)(B)(ii). An applicant's credibility is not presumed, and the trier of fact may consider the "totality of the circumstances" and "all relevant factors" in making a credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Dayo v. Holder*, 687 F.3d 653, 657 (5th Cir.2012). Thus, "an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible...." *Wang*, 569 F.3d at 538 (quoting *Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008)) (internal quotation marks omitted). An alien may be required to submit evidence corroborating even credible testimony if the evidence is reasonably available. 8 U.S.C. §§ 1158(b)(i)(B)(ii), 1231(b)(3)(C), 1229a(c)(4)(B). We will defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Wang*, 569 F.3d at 538 (quoting *Lin*, 534 F.3d at 167) (internal quotation mark omitted).

Amare argues in conclusory fashion that his testimony and supporting documents satisfied the standards for asylum, withholding of removal, and relief under the CAT. The BIA affirmed the IJ's determination that Amare's testimony was not credible because it was uncorroborated, vague, insufficiently detailed, and implausible. Amare has not shown that the record compels a different conclusion. *See Orellana–Monson*, 685 F.3d at 518; *Wang*, 569 F.3d at 538. There was substantial evi-

R. 47.5.4.

dence supporting the BIA's adverse credibility determination. "An applicant who has failed to establish the less stringent 'well-founded fear' standard of proof required for asylum relief is necessarily also unable to establish an entitlement to withholding of removal." *Dayo*, 687 F.3d at 658–59 (quoting *Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir.2008) (internal quotation marks omitted)); *see also Chun v. INS*, 40 F.3d 76, 79 (5th Cir.1994) ("Without credible evidence, the BIA had no basis upon which to grant asylum or withhold deportation."). "[B]ecause the same lack of evidence means that [Amare] cannot show he will be tortured, he is not entitled to relief under the CAT." *Dayo*, 687 F.3d at 659; *see also Tamara–Gomez*, 447 F.3d at 350–51.

The petition for review is DENIED. Amare's motions for appointment of counsel are also DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.